PIONEER TELEPHONE & TELEGRAPH CO. v.
STATE *et al.*

No. 3831.   Opinion Filed June 30, 1913.

(133 Pac. 476.)

TELEGRAPHS AND TELEPHONES—Regulation by Commission—Validity of Order. Record examined, and held that, under the issues joined and the notice served, the only order the commission is empowered to enter is to the effect that from and after a certain date the patrons of the telephone company at Muskogee must have efficient services.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Complaint was made by the State of Oklahoma and others before the Corporation Commission against the Pioneer Telephone & Telegraph Company, and from an order of the Commission the company appeals. Modified and cause remanded, with directions.

*S. H. Harris* and *J. R. Spielman,* for appellant.

*Chas. L. Moore,* Asst. Atty. Gen., for appellees.

KANE, J. This appeal is prosecuted for the purpose of reversing part of the order of the Corporation Commission entered in the above-entitled cause. The order reads as follows:

"It is therefore ordered that the Pioneer Telephone & Telegraph Company render at all times reasonable and adequate service at its exchange in the city of Muskogee, and that this order shall take effect thirty days from this date; that the bill presented to all subscribers of the exchange at Muskogee on the first day of November, 1911, shall be reduced one-third of the customary price charged."

The part of the order appealed from is that part which requires a reduction of the "customary price charged." The proceeding in which the order was issued was based upon affidavits filed by some 52 different citizens of Muskogee, the general tenor of which was succinctly stated by Chairman Love, before whom the evidence was taken at Muskogee, as follows:

"This is a general complaint against the Pioneer Telephone Company in regard to service. Some allege the reason of the poor service is on account of incompetent help, and some allege on account of the price paid the help. It is not necessary for the complainants to have attorneys in this case."

Immediately following the foregoing statement of the chairman he proceeded to examine witnesses on behalf of the complainants, and after several witnesses had been examined by the chairman and cross-examined by counsel for the telephone company, the general trend of whose testimony clearly tended to support the complaints, the following occurred:

"Chairman Love: I don't see any use in prolonging this evidence along this line.

"Mr. Harris: I want to make this suggestion. I appreciate the weight of this testimony as much as your honor does, and, if the commission will allow us 30 days on this exchange to bring things to perfection here, I want to take a transcript of this, I want to take it up with men that are competent to handle it, and see that this service is put right, and at the expiration of that time, if it isn't right, some one must come to account. We don't want to trifle with these people and are not going to do it.

"Chairman Love: Here is the question before the commission: The commission wants something to make an order on. Now, they have the evidence here of a number of witnesses, general character of service; that is, individual service and enough individual complaints to make it general. Now, then, the only thing the commission, the only thing I see you want to give them service. Now, if you are giving them service, and you are prepared to give them service, you don't want any more than the constitutional time, which will be ten days.

"Mr. Harris: Well, what I want is time to meet each and every one of these things where I want to introduce evidence and the postponement of the trial so we will have an opportunity to meet every issue raised.

"Chairman Love: Well, even if some of these things you say you could meet, then the proposition, the only thing the commission could give an order in this case, say from a certain time the company must give reasonable service to the people, and you object to the commission making an order of that kind.

"Mr. Harris: The only thing is, your honor, I would like to meet such things as I think unjust to the company before this commission, before the order is made. And I would like to know more about the source of some things that I don't know about.

"Chairman Love: The way the commission looks at it there is nothing for the commission to do but make an order in this case.

"Mr. Harris: I would say this: If your honor felt disposed to make an order about that question within the time

you consider this service must be a reasonable, good service, I would say you could make that order now, if the order was going to cover some of these other matters.

"Chairman Love: Judge, you take in regard to the zone which was brought up, that question is not in the complaint. You take in regard to the cutting off of the phone because it was not paid; that you don't ask to meet because it wasn't in the complaint.

"Mr. Harris: That is what I want to know about.

"Chairman Love: What was your notice?

"Mr. Harris: I stated I would raise no technical objection.

"Chairman Love: Under this notice, the only thing the commission can do, if they make an order, is that from and after a certain date the people of Muskogee must have reasonable phone service.

"Mr. Harris: Then, your honor, I see no reason why we should not have thirty days.

"Mr. Harris: By the suggestion of the commission, this complaint is called a general complaint about the nature of the service given in Muskogee, both long distance and local, and in view of that feature of the case I see no objection to an order being made now requiring the defendant telephone company that within 30 days from this date to have its service here, both local and long distance, in reasonable good and satisfactory condition.

"Chairman Love: Now this for the information of the complainants. If your service after the order is made, if your service is not reasonable, then you make a sworn affidavit to that effect to the commission, then this company is subject to a fine of $500 under the Constitution every time that they don't give service. Now, we can't fine them until after this order is made and in effect. But if this order is made and in effect, and they neglect to give the people service, then they are subject to a $500 fine every time they fail, unless they can show that they have a reasonable excuse for it. Now, if you gentlemen would like to see it, we have a scale there, and I would like for you to see it. Now, the first thing, we require once a month that each telephone exchange in the state keep count of all the calls each hour. For instance, you see how many called at 12 o'clock noon, and at 1, 2, and 3, and

so on for the day and night, and now Mr. Player will explain to you exactly how many calls each hour was reported from this office."

This cause was tried and the foregoing colloquy occurred on the 12th day of October, 1911. On the 17th day of the same month, the commission rendered its formal opinion, order, and judgment, wherein, after finding that "the Pioneer Telephone Company has a good up to date plant in the town of Muskogee, there can be no reason for the conditions as exist there in our judgment other than neglect or carelessness," it concludes that, "if the service is in such condition that it requires thirty days to put it in shape, the people of Muskogee should not be required to pay full price for telephone service during this time. At least rent for telephone service this next month should be reduced one-third. If the Pioneer Telephone Company charges the high telephone rents as were authorized by the Supreme Court at Enid, they should give service." Then follows the order, from the latter part of which the appeal is taken. The part of the order appealed from should be set aside. Chairman Love had a comprehensive grasp of the issues involved, as is disclosed by his statement made upon the opening of the case, and of the power of the commission in the premises, as shown by the colloquy between him and counsel for the telephone company. The court agrees with the chairman in his summuary of the issues and in his statement that:

"Under this notice the only thing the commission can do, if they make the order, is that from and after a certain date the people of Muskogee must have reasonable phone service."

The record discloses no basis for adding to or taking from the conclusion of the chairman.

The proceedings, as the chairman says, "is a general complaint against the Pioneer Telephone Company in regard to service." It was not commenced for the purpose of inquiring into the reasonableness of the rate charged for the service rendered, and there were no witnesses called, and there was no

evidence introduced with that in view. Not only was there no evidence upon which to base the part of the order appealed from, but the statement in the record to the effect that, if the Pioneer Telephone Company charges the high rents as were authorized by the Supreme Court at Enid, they should give service, upon which the objectionable part of the order obviously was based, is erroneous and misleading. There was no evidence that the Supreme Court authorized the telephone company to charge high telephone rents at Enid, or that the telephone company charged high rents at Muskogee. Indeed, the case is presented to this court on behalf of the state and the complainants upon the theory that the rates in force are those fixed by the Corporation Commission on October 12, 1908, by its general Order No. 101, applicable to all telephone companies. *Pioneer Tel. & Tel. Co. v. State and Burrows Oil Co.,* 33 Okla. 724, 127 Pac. 1073. "Any other rates or charges adopted by or acted upon by the appellant," said the Attorney General in his brief, "would have been unlawful and void, under the provisions of section 18, art. 9, of the State Constitution." Under the circumstances disclosed by the record, we are of the opinion that the part of the order appealed from is unjust and unreasonable. There is no doubt that the Corporation Commission and counsel for the telephone company proceeded upon the theory that the only question involved was the question of the efficiency of the service, and that the only relief that could, or would, be granted under the issues joined was "that from and after a certain date the people of Muskogee must have reasonable phone service." After the formal order was entered containing the part appealed from, counsel for the telephone company filed a motion to set aside said order and for further hearing, wherein they call attention to the nature of the proceeding which they were called to answer and the understanding of the commission and of counsel as to its scope and the nature of the relief that would be rendered, which motion

Vol. 38—27

was supported by affidavits to the effect that, if the penalty imposed by the portion of the order appealed from is enforced, it will cause a reduction of the rentals due the defendants from the exchange subscribers and toll charges in the sum of $4,233.72; wherefore, they pray "that said order be modified by striking out the portion complained of, or that said order be set aside, and said case opened for hearing and defendant given an opportunity to introduce evidence in relation to said affidavits and complaints, or any part thereof, and that it may have notice of the complaint or complaints which it is expected to answer, and the nature of the order or orders proposed to be made upon the hearing, and consideration of such complaint or complaints." The motion should have been sustained. If the Corporation Commission or any of the patrons of the telephone company desire to have the reasonableness of the rates charged by the telephone company adjusted so as to approximate a reasonable charge for the service rendered, it should be done in a proceeding instituted for that purpose, or at least the parties should not be misled as to the nature and scope of the inquiry.

The order appealed from is therefore modified, as hereinbefore suggested, and the cause remanded to the Corporation Commission, with directions to take such further action in the premises not inconsistent with this opinion as may be required.

All the Justices concur.